IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD S. KINDLE,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLIE EISERT, WILL STEPHENS,<br>and LEE ANDRA BRYANT,<br><br>    Defendants. | Case No. 3:24-CV-01230-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5) filed by Plaintiff Edward S. Kindle. The *pro se* Complaint names Charlie Eisert (a City of Murphysboro Code Enforcer), Will Stephens (the Mayor of Murphysboro, Illinois), and Lee Andra Bryant (an administrative assistant to Eisert) as defendants in this action. (Doc. 2). Kindle now seeks to proceed in this Court without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the

necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, the Court is satisfied from Kindle's affidavit that he is indigent. (Doc. 3). Kindle asserts that he is unemployed and has no monthly wages. (*Id.*). Kindle indicates that he receives monthly social security disability payments in the amount of $1,601, but he has monthly housing, utility, and medical costs totaling $1,300. (*Id.*). In terms of assets, Kindle claims to have $200 in savings and to own real estate worth $7,000.[1] (*Id.*). Kindle also lists $100 in credit card debt. (*Id.*). Based on this financial information, the Court finds that Kindle is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under § 1915(e)(2), the Court must also screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.

---

[1] In the handwritten affidavit, the value of Kindle's real estate appears to be $3,000 written over with $7,000. (Doc. 3, p. 2).

*Turley v. Rednour*, 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422-23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Here, Kindle initiated this action for infringement of his Fourth, Fifth, and Fourteenth Amendment rights. (Doc. 2, p. 1). Kindle asserts that he owns 1.4 acres of land outside the city limits of Murphysboro, Illinois, at 168 Prairie Express Lane.[2] (*Id.* at p. 5). He alleges that the City of Murphysboro took his property and claimed it as a public street without his knowledge, signature, or consent. (*Id.*).

Additionally, Kindle claims that, in August 2023, Defendant Eisert came onto Kindle's property without permission and prevented Mount Vernon Dream Homes from installing his home. (*Id.*). According to Kindle, Eisert acted without notice, explanation, documentation, or description. (*Id.*). Shortly before this alleged incident, Defendant Bryant and a contractor from Mount Vernon Dream Homes corresponded about the location of the home. (*Id.*). Apparently, Bryant and Stephens allowed the installation of

---

[2] In the Complaint, Kindle's parcel number is listed as 14-03-100-007-0030, but the tax records from Jackson County, Illinois, show a parcel number at the associated address as 14-03-100-007. The tax records also confirm Edward Kindle owns the property. *See* https://jacksonil.devnetwedge.com/parcel/view/1403100007/2023#OwnerNames2 (last visited Oct. 30, 2024).

Kindle's home to proceed and communicated to Kindle and the contractor that no permit was necessary. (*Id.*). Kindle urges that Eisert, Bryant, and Stephens conspired to halt the production of his home without any cited violation or notice. (*Id.*).

Kindle alleges that each defendant personally participated in causing his injuries and that an official policy or custom of each defendant's government agency violated his rights. (*Id.* at pp. 1-3). As relief, Kindle seeks compensatory damages in the amount of $150,000 and punitive damages in the amount of $450,000. (*Id.* at p. 6).

Under 42 U.S.C. § 1983, a plaintiff may bring an action against a person acting under color of state law who has deprived him of a federal constitutional right. *See* 42 U.S.C. § 1983. Municipalities and local governing bodies can be sued directly as persons under § 1983 for monetary, declaratory, or injunctive relief. *Monell v. Dep't of Social Serv's of City of N.Y.*, 436 U.S. 658, 690 (1978). "[A] civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991).

Generally, individual-capacity suits seek to impose personal liability upon a government official for actions taken under color of state law, whereas official-capacity suits represent another way of pleading an action against an entity of which the defendant is an agent. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Given that the government entity receives notice and an opportunity to respond, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. To establish liability in an official-capacity suit under § 1983, the plaintiff must show that the action performed under color of state law is linked to the entity's policy or custom.

*Hill*, 924 F.2d at 1372. In an individual-capacity suit, the plaintiff must establish that the individual is personally responsible for the constitutional deprivation. *Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015).

As an initial matter, to the extent Kindle seeks to sue defendants in their official capacities, this would be redundant as each defendant works for the same entity—the City of Murphysboro. The Court will only consider official-capacity claims against Mayor Stephens, and such claims will be treated as brought against the City of Murphysboro. All other allegations will be evaluated under the individual-capacity framework.

Taking each alleged constitutional deprivation in turn, the Court can discern no basis for a cause of action under the Fourth Amendment. Kindle appears to allege that Eisert, a city code enforcer, trespassed on his private property to prevent Mount Vernon Dream Homes from completing the installation of Kindle's home. To be sure, administrative inspections are searches within the ambit of the Fourth Amendment, and municipal administrative officials who conduct warrantless inspections of private property without proper consent, can violate the Constitution. *Montville v. Lewis*, 87 F.3d 900, 902 (7th Cir. 1996). But, "[n]ot all trespasses by [government officials] are violations of the Fourth Amendment." *United States v. Sweeney*, 821 F.3d 893, 900 (7th Cir. 2016). "To violate the Fourth Amendment, the trespass must occur on a 'constitutionally protected area'— that is, one explicitly enumerated in the text[.]" *Id.* (citing *Florida v. Jardines,* 569 U.S. 1, 5 (2013)). Whether a trespass violates the Fourth Amendment depends on several factors, including the nature of the property and whether the official meant to conduct a "search" on the property by gathering evidence or information. *See Jardines*, 569 U.S. at 10.

With the facts alleged, the Court can only infer that Eisert entered Kindle's property with the purpose of speaking to the contractors to stop construction. There is no allegation that Eisert conducted, or intended to conduct, any kind of search. Moreover, from the Complaint, the Court ascertains no invasion on a constitutionally protected area (i.e., person, paper, effect, or house and the immediately surrounding and associated area), but instead Eisert appears to have traversed an open field.[3] *See Hester v. United States*, 265 U.S. 57, 59 (1924); *Oliver v. United States*, 466 U.S. 170, 176-77 (1984). Kindle fails to allege any other facts related to the purported trespass or its outcome that states a claim under the Fourth Amendment.

As to a Fifth Amendment violation, the Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend V. This clause is incorporated to the States through the Fourteenth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). To state a claim under § 1983 for a violation of Fifth Amendment rights within the Takings Clause, a plaintiff must allege that a state or government actor deprived him of a protected property interest without just compensation. *Knick v. Township of Scott, Pa.*, 588 U.S. 180, 185 (2019). A direct government appropriation or physical invasion of private property is "[t]he paradigmatic taking requiring just compensation." *Lingle*, 544 U.S. at 537.

Here, Kindle alleges that the City of Murphysboro took his property and claimed it as a public street without his knowledge, signature, or consent. In relation to this

---

[3] "[T]he term 'open fields' may include any unoccupied or undeveloped area outside of the curtilage," and "[a]n open field need be neither 'open' nor a 'field' as those terms are used in common speech." *Oliver v. United States*, 466 U.S. 170, 180, n. 11 (1984).

allegation, Kindle does not allege any personal action on behalf of any defendant. So, for this claim, the Court will evaluate an official-capacity action against Mayor Stephens, which acts as a claim against the City of Murphysboro. But, while Kindle asserts that this taking occurred without knowledge, signature, or consent, he does not state whether the taking occurred without *compensation*. This is a fundamental element of a claim under the Takings Clause. Governmental interference with property rights and taking of private property is not prohibited, but instead conditioned on the provision of just compensation. *See Lingle,* 544 U.S. at 536-37. Without allegations as to the lack of compensation for the taking, Kindle fails to state a claim under the Fifth Amendment. Further, additional allegations are needed to assess this claim such as when the City built the road and where on Kindle's property the City constructed the road.

Next, Kindle broadly claims that Eisert, Bryant, and Stephens halted the installation of a home on his property without notice or explanation. Liberally construing the Complaint, the Court assumes that Kindle attempts to raise a claim of violation of due process under the Fourteenth Amendment or, possibly, a taking by interference with use of property under the Fifth Amendment. But even if the Court so assumes, the Complaint does not contain enough factual detail to determine whether Eisert, Bryant, or Stephens could be liable for any deprivation of his constitutional rights related to the halted construction.

The only specific conduct alleged is that Eisert went onto Kindle's property to stop the installation of a house on his property without warning or notice. Kindle further asserts that Eisert, Bryant, and Stephens conspired to halt the installation of his home.

The latter allegation is conclusory, and the Court need not consider it or accept it as true. Simply put, the factual detail provided does not state a claim for any constitutional violation. The Court needs more information. For example, what particular actions did each defendant take to personally deprive Kindle of a constitutional right, under which City ordinances or regulations did the defendants operate to infringe upon Kindle's rights, or how did they deny him a proper opportunity to be heard or seek redress at the local or state level.

Because Kindle has failed to state a claim with the requisite particularity, the Court **DISMISSES** the Complaint (Doc. 2) **without prejudice**. Kindle shall have until **December 2, 2024,** to file an amended complaint that properly states a claim for relief. Until then, the Court **RESERVES RULING** on Kindle's Motion for Leave to Proceed *in forma pauperis* (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5). Failure to file an amended complaint within the time permitted will result in the dismissal of this action.

**IT IS SO ORDERED.**

DATED:   October 31, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**