IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD S. KINDLE,

      Plaintiff,

v.

CHARLIE EISERT, WILL STEPHENS,
LEE ANDRA BRYANT, TIM LEE,
COLE STROTHMANN, and
CODY ROBINSON,

      Defendants.

Case No. 3:24-CV-01230-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3), Motion for Recruitment of Counsel (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5) filed by Plaintiff Edward S. Kindle. Upon a preliminary screening under 28 U.S.C. § 1915(e)(2), the undersigned dismissed Kindle's complaint for failure to state a claim, but granted leave for Kindle to file an amended complaint to cure the identified deficiencies and properly state a claim for relief. The undersigned also reserved ruling on each of the pending motions. (Doc. 11). On December 16, 2024, Kindle filed an Amended Complaint. (Doc. 14).

    Under Section 1915(e)(2), the Court must screen the Amended Complaint and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss

frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In his Amended Complaint, Kindle did not modify or add substance to any of the claims in his original complaint or rectify any of the issues previously highlighted by the Court. Instead, Kindle listed three new defendants: (1) Tim Lee, a water maintenance and sewer collection foreman in Jackson County, (2) Cole Strothmann, a salesman at Mt. Vernon Dream Homes, and (3) Cody Robinson, a contractor at Mt. Vernon Dream Homes. (*Id.*). In his claim against Lee, Kindle states:

> Year 2007, in the city of Murphysboro, Illinois in the County of Jackson in the west half section 3, Township 9 South, range 2 west of the 3rd p.m. Lying east of the center line of said spur tract, and west of the west boundary of out lot "E" between Ritter Street and Baer Street in the Mount Carbon addition to the city of Murphysboro. The Defendant placed sewer, water lines and meters throughout described said property above. The defendant is a governmental entity. Plaintiff's complaint arises through the 5th and 14th Amendments of the US Constitution. Under these Amendments the Taking Clause states that private property shall not be taken for public use without due process or just compensation. Plaintiff is seeking One Million Dollars (1,000,000.00) in compensatory and punitive damages.

(*Id.*). For his claims against Strothmann and Robinson, Kindle simply asserts, "The Defendants named above are to be included with Eisert et al, and be amended under Gideon civil." (*Id.*).

Clearly, Kindle failed to provide any additional information or allegations as to the original defendants—Charlie Eisert, Will Stephens, and Lee Andra Bryant. As the Court explained in its prior Order, Kindle's original complaint failed to state a claim against these defendants. (Doc. 11). Thus, the claims against the original defendants remain dismissed.

Kindle's Amended Complaint also fails to state a viable claim against any of the newly listed defendants. First, against Lee, Kindle references an intrusion entirely unrelated to claims in the original complaint.[1] Kindle also describes a tract of land but does not identify himself as the owner of that property. Moreover, the quoted paragraph above, which encompasses the entire claim against Lee, lacks enough facts to state a claim to relief that is plausible on its face. Second, the claims against Strothmann and Robinson are even more scant. In fact, Kindle does not attribute any specific conduct to them at all.

Despite an opportunity to amend his complaint, Kindle only raised new claims against new defendants without fixing the deficiencies in his original complaint. Again, Kindle has failed to state a claim, and now the Amended Complaint (Doc. 14) is **DISMISSED with prejudice**. In its prior order, the Court found Kindle indigent under 28 U.S.C. § 1915(a)(1) (see Doc. 11) and thus Kindle's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) pursuant to that statute is **GRANTED**; he will not be assessed a filing fee. But Kindle's Motion for Recruitment of Counsel (Doc. 4) and Motion for Service of Process at Government Expense (Doc. 5) are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   January 15, 2025

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Notably, it appears that Mr. Kindle has already litigated the same issue within this District. *See Kindle v. Kinkaid Reeds Conservation District*, No. 18-CV-01516-RJD. Magistrate Judge Reona Daly dismissed that case on summary judgment in September 2020 after finding that his claims were barred under the doctrines of res judicata and collateral estoppel and that the record lacked sufficient evidence to establish any taking.